IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

**FILED**
STATESVILLE, N.C.

APR 2 8 2011

U.S. District Court
Western District of N.C.

Civil Action No.

| | | |
|---|---|---|
| Matt Jenkins | ) | 5:11CV60 |
| Plaintiff, | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | JURY TRIAL DEMANDED |
| Allianceone Receivables Management, Inc. | ) | |
| Defendant | ) | |
| | ) | |

**Plaintiff alleges as follows:**

## INTRODUCTION

This is an action for damages and injunctive relief under the Telephone Consumer Protection Act (hereinafter, "TCPA") as found in 47 U.S.C. §227, et. seq.; the Fair Debt Collection Practices Act (hereinafter, "FDCPA") as found in 15 U.S.C. §1692, et. seq.; for Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers as found in N.C. Gen. Stat. §58-70,

## THE PARTIES

1. Plaintiff, Matt Jenkins, is a natural person that resides in Mooresville, North Carolina

2. Plaintiff is a person as defined in 47 U.S.C. §153(32), a consumer as defined in 15 U.S.C. §1692a(3), and a consumer as defined in N.C. Gen. Stat. §58-70-90(2)

3. Upon information and belief, Defendant, Allianceone Receivables Management, Inc. is a business entity incorporated in Delaware with a principal business office located in Pennsylvania as listed with the North Carolina Secretary of State.

4. Defendant, Allianceone Receivables Management, Inc is a "person" as defined in 14 U.S.C. §153(32), a "debt collector" as defined in 15 U.S.C. 1692a(6), and a "collection agency" as defined in N.C. Gen. Stat. §58-70-90(1)

## JURISDICTION

5. Jurisdiction of this Court arises under 28 U.S.C. §1332(a).

6. The Plaintiff and the Defendant are located in different states and the matter in controversy exceeds $75,000.

7. Jurisdiction of this Court concurrently arises under 15 U.S.C. §1692k(d).

## FACTUAL ALLEGATIONS

8. On or about July 17 2009, the Plaintiff filed a Complaint in the Iredell County Superior Court of North Carolina against the Defendant with the case number of 09CVS2414 wherein the Plaintiff alleged that the Defendant violated, *inter alia*, the Telephone Consumer Protection Act, the Fair Debt Collection Practice, and the North Carolina Collection Agency Act.

9. On or about September 1, 2009, the parties voluntarily resolved the matter.

10. The Defendant had previously received notice in writing that the Plaintiff did not consent to any calls placed by an automatic telephone dialing system or prerecorded message player to his cellular telephone number 562 882-0300.

11. Incredulously, after the Defendant had previously been put on notice that they did have not have the Plaintiff's prior express consent to place telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice to the Plaintiff's telephone, on or about May 28, 2010 thru September 10, 2010, the Defendant again began placing telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice to the Plaintiff's cellular telephone without the Plaintiff's prior express consent.

12. The Defendant willfully and/or knowingly placed the telephone calls to the Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice in direct violation of the Telephone Consumer Protection Act.

13. The Defendant abandoned and/or hung up on the Plaintiff during some of the Calls.

14. Upon answering some of the calls, the Plaintiff would listen to the Defendant's artificial or prerecorded voice message which stated " Thank you for taking our call, please press #1 now to  speak to a representative". After the Plaintiff's pressing of #1, the Defendant would abandon the phone call.

15. Upon information and belief, the Defendant would not always transmit their caller i.d. telephone number or they would intentionally block their telephone number from being transmitted.

16. The Calls were placed with the intent to harass and annoy the Plaintiff.

17. The Defendant did not place or cause the Calls to be placed for an emergency purpose.

18. The Plaintiff prepays for his cellular telephone minutes from a "bucket of minutes" cell phone plan. The Defendant, by placing the subject telephone calls to the Plaintiff's telephone, caused him to exhaust minutes from his cell phone plan, thereby forcing him to incur costs directly attributable to the subject telephone calls.

19. During the subject time frame, the Plaintiff once again, spoke to the Defendant and requested that the Defendant cease placing telephone calls to the Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

20. During the aforementioned conversation, the Defendant stated that the Plaintiff had incurred an alleged debt and requested payment on a delinquent account that had not had any payments made on the account for over 3 years, thus making the account a time-barred debt under North Carolina law. While repeatedly seeking payment from the Plaintiff on the time-barred account, the Defendant failed to disclose the nature and consequences of affirming or acknowledging any debt barred by the statute of limitations and the fact that the Plaintiff was not legally obligated to make any affirmation or acknowledgment of a time-barred debt under North Carolina law.

21. Upon information and belief, the Defendant was attempting to collect on an account which was used primarily for personal or household purchases allegedly owed by the Plaintiff.

22. During the aforementioned conversation, the Defendant acknowledged, per the Plaintiff's request, that they would send information to the Plaintiff regarding the account so that he could investigate the matter further.

23. As of this date, the Defendant still has not sent any 30 day validation notice to the Plaintiff nor did they send the Plaintiff a 30 day validation notice within the first 5 days of the initial communication.

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE TCPA

24. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

25. Under 47 U.S.C. § 227(b)(1)(A)(iii), it is unlawful for any person within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

26. Under 47 U.S.C. § 227(b)(3), et. seq., the Plaintiff has a private right of action for violations of 47 U.S.C. § 227(b)(1)(A)(iii).

27. The TCPA is a strict liability statute.

28. The Defendant placed calls during the subject time frame which contained violations of 47 U.S.C. § 227(b)(1)(A)(iii).

29. Under 47 U.S.C. § 227(b)(3), et. seq., Plaintiff is entitled to statutory damages of not less than $500.00 per violation, and up to $1500.00 per violation.

30. Under 47 U.S.C. § 227(b)(3), et. seq., Plaintiff is entitled to injunctive relief.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

31. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

32. After previously being sued and after previously being requested to stop placing calls to the Plaintiff's telephone, the Defendant continued to place calls to the Plaintiff's telephone which included abandoning the calls or hanging up on the Plaintiff, for the purpose of harassment, violating North Carolina General Statute § 58-70-100 and/or North Carolina General Statute § 58-70-115.

33. As a result of Defendants violations of the North Carolina General Statute § 58-70-100 and/or North Carolina General Statute § 58-70-115, Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b)

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

34. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

35. The Defendant's failure to disclose to the Plaintiff, the nature and consequences of affirming or acknowledging any debt barred by the statute of limitations and the fact that the Plaintiff was not legally obligated to make any affirmation or acknowledgment of a time-barred debt was an act of "unfair practices" in debt collection under North Carolina General Statute § 58-70-115(1)

36. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1

37. As a result of Defendants violations of North Carolina General Statute § 58-70-115(1), Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation for each collection attempt pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

38. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

39. The Defendant's placing of telephone calls to the Plaintiff's cellular telephone number without his prior express consent through the use of an automatic telephone

dialing system and/or a prerecorded message player was in violation of North Carolina General Statute § 58-70-100 and/or North Carolina General Statute § 58-70-115

40. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1

41. As a result of Defendants violations of the North Carolina General Statute § 58-70-100 and/or North Carolina General Statute § 58-70-115, Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1

### FIFTH CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

43. Defendant's communications violated the (F.D.C.P.A.) 15 U.S.C. § 1692 et seq. by:

    a. using unfair or unconscionable means to attempt to collect a debt or an alleged debt in violation of 15 U.S.C. § 1692f
    b. causing charges to be made to the Plaintiff in the Defendant's attempt to collect a debt or alleged debt in violation of 15 U.S.C. § 1692f(5)
    c. using unfair or unconscionable means in an attempt to collect a debt or an alleged debt including the use of an automatic telephone dialing system or prerecorded/artificial voice without the consent of the called party in violation of 15 U.S.C. § 1692d and/or 15 U.S.C. § 1692f
    d. failing to send the Plaintiff a 30 day validation notice within 5 days of the initial communication in violation of 15 U.S.C. § 1692g
    e. causing the telephone to ring or engaging any person in telephone conversations repeatedly in violation of 15 U.S.C. § 1692d(5)

44. As a result of Defendants violations of the F.D.C.P.A., the Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages of up to $1000.00 per action pursuant to 15 U.S.C. §1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3)

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff's pray that judgment be entered against the Defendant:

    1. For an award of statutory damages of $1500.00 per violation of the TCPA pursuant to 47USC 227(b)(3)(B)

    2. For an Order enjoining Defendant from placing any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or

prerecorded voice to any telephone number assigned to a cellular telephone service;

3. For an award of statutory damages of up to $ 4,000.00 per violation of the North Carolina Debt Collection Statutes pursuant to North Carolina General Statute § 58-70-130(b)

4. Damages for $ 1000.00 per cause of action for violations of the Fair Debt Collection Practice Act

5. Costs, and attorney's fees pursuant to North Carolina General Statute § 58-70-130(a), North Carolina General Statute § 75-16, 47 USC 227(b)(3)(C), 15 U.S.C. 1692k(a) and;

6. award such other and further relief as the Court deems just and proper under the circumstances

DATED: _____4/28/11_____

_____
Matt Jenkins
116 Milbros Lane
Mooresville, N.C. 28117
shephard68@yahoo.com
562 882 0300